# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

Likisha Clark,

    Plaintiff,

        v.

City of Memphis,
Memphis Police Department, Lt. Hannah #0200, Lt. Ray #7744, Officer Aaron #13594, Officer Walker #13732, Col. Burnett #0666 and
Unknown Names of Memphis Police Officers to be named, in their individual capacity and in their capacity as Memphis Police Department Officers

    Defendants.

**A JURY IS RESSPECTFULLY DEMANDED**

## Complaint

**COMES NOW** Plaintiff and brings this cause of action against Defendants.

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, equal protection, and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and 42 U.S.C. § 1985 (2), and (3).  This Complaint alleges Malicious Prosecution, Malicious Harassment, False Arrest, Negligence, Defamation, Slander, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress.

2. In addition, this action is brought pursuant to the Tennessee Governmental Tort Liability Act. Plaintiff is alleging any and all causes of action consistent with the information provided in the entirety of this Complaint.

## I. Jurisdiction And Venue

3. Plaintiff is a citizen of the state of Tennessee, residing in Memphis, Tennessee, Shelby County, and has been a resident continuously, and at all relevant times involving this matter.

4. Defendant, City of Memphis, is responsible for the administration and governance of the Memphis Police Department, which is located in Shelby County, Tennessee.

5. Defendants Memphis Police Officers, currently named and unnamed, were at all relevant times officers employed with the Memphis Police Department.

6. The facts and occurrences hereinafter set forth took place in Shelby County, Tennessee.

## II. Facts

7. On May 31, 2020 Plaintiff was attacked, brutalized, and then arrested by Defendants and charged with: Disorderly Conduct; Obstructing a Highway of Passageway; Resisting Official Detention; and Inciting a Riot.

8. Plaintiff not only did not commit any of the offenses alleged, but Defendants had clear body camera evidence supporting that Plaintiff had not done any of the crimes alleged.

9. Plaintiff was an innocent bystander, who was present during a lawful and peaceful protest insisting that Black Americans should be treated equally, fairly, and lawfully by the judicial system.

10. Defendants, having decided that this message was unworthy of a lawful and peaceful gathering, began attacking and then arresting Plaintiff, who was not even protesting.

11. This was consistent with the pattern, policy, and custom of Defendant City, who knew that its officers had not only repeatedly unlawfully arrested minorities in the past, but also specifically arrested Plaintiff unlawfully in the past, brutalized her, and then attempted to cover it up.

12. Plaintiff was treated brutally and unfairly due to her being a woman, and due to her being an African American.

13. Defendants never explained why the prosecuted her, or assaulted her, when the clear video evidence in their possession, supported that Plaintiff did nothing unlawful.

14. Instead of voluntarily dismissing the case when they were aware of the facts, Defendants continued with the prosecution of the case, and insisted on Plaintiff to take some form of plea deal or offer, to make the case go away and to get her to admit liability which they knew was inconsistent with the facts.

15. Instead, Plaintiff fought the allegations, and the case was set for trial, and the charges against her was dismissed on September 9, 2020.

16. To this date, Defendant City continues to support and stand behind the conduct of its officers, even though it knows that Plaintiff, and many others, were prosecuted unlawfully.

17. Ultimately, Plaintiff was transported to the hospital to tend to her injuries.

18. Plaintiff has been mentally and emotionally traumatized by the conduct of Defendants, who have made it clear to Plaintiff that she is and always will be a second-class citizen, and not worthy of their respect.

19. Plaintiff has sustained injuries, and medical expenses due to the conduct of Defendants.

20. T.C.A. 29-20-201(a) generally provides municipalities and governmental entities with immunity from suit.

21. However, based on the conduct of the governmental employees and pursuant to T.C.A. 29-20-205 (1) (2), the Tennessee Governmental Tort Liability Act immunity is removed from Defendant City.

22. Defendant City has failed to provide adequate training or supervision for its police officers and that this failure has become a custom that has resulted in repeated and substantial harassment to Plaintiff, who receives no protection from the police department.

23. Defendant, City of Memphis was aware of the conduct that the officers have engaged in, and was aware of how that conduct would lead to the types of injuries and harassment in which Plaintiff has suffered.

24. However, the City of Memphis chose not to take remedial action or provide adequate training, supervision, or discipline for its police officers, and these failures were the proximate cause of Plaintiff's injuries.

25. Furthermore, the City of Memphis understood the conduct as described in this Complaint to be routine, and the conduct was supported by Defendant City.

26. Once being made aware of these incidents, the City of Memphis has entered into no investigation, and has supported the actions of the officers.

27. No discipline of the officers has occurred based on what has transpired.

28. Defendants, while acting under the color of law, has allowed criminal conduct to occur, and has not tried to prohibit it, in hopes that it would cause harm to Plaintiff.

29. Defendants have committed defamation and slander, when they drafted and made available to the public the Affidavit of Complaint, and communicated to other officers and the public, false statements about Plaintiff and her alleged conduct.

30. By law, Plaintiff was not even supposed to be arrested and detained, and instead, a misdemeanor citation was what was supposed to have been issued, even if the false allegations were true.

31. However, no discipline occurred, and Defendant City supported the conduct.

32. Defendant City failed to provide adequate training or supervision of its officers, and this failure to train or supervise has resulted in repeated and substantial harassment to Plaintiff.

33. Defendants have attempted to discourage Plaintiff from seeking recourse against them by treating her in the manner described above.

34. Defendants have targeted Plaintiff, and has allowed this conduct to continue in order to intimidate Plaintiff.

35. Defendants have failed to take any necessary steps to prevent this conduct from happening to Plaintiff in the future.

36. Defendants have engaged in malicious harassment, as described above, and has made Plaintiff's life difficult due to their conduct.

### III.  Prayer For Relief

Plaintiff incorporates by reference, as if fully set forth verbatim, each and every allegation in the Complaint.

37. Based on the conduct of Defendants, it is clear that Defendants have acted intentionally, fraudulently, and maliciously.

38. Defendants conduct has left Plaintiff mentally and emotionally exhausted, frustrated, embarrassed, and concerned for her safety.



39. Plaintiff was incarcerated and forced to spend money associated with legal fees and expenses in order to prove her innocence.

40. Plaintiff has clearly suffered embarrassment, indignity, disgrace, and shame. Defendants conduct was intentional, and without any regard for Plaintiff's emotional health, or her freedom.

**WHEREFORE**, Premises Considered:

1. Plaintiff sues Defendants for injuries caused by Defendants, as spelled out above, and prays for a judgment against Defendants for compensatory damages in an amount considered fair and reasonable by a jury, not to exceed one hundred thousand dollars ($500,000) and for all such further relief, both general and specific, to which Plaintiff may be entitled under the premises.

2. Plaintiff sues Defendants for injuries caused by Defendants, in its fraudulent and intentional conduct, and prays for a judgment against Defendants in an amount considered fair and reasonable by a jury, not to exceed five hundred thousand dollars ($500,000) in punitive damages.

Respectfully Submitted,

_s/Terrell Tooten__
BPR 028506
1160 Vickery Ln, Suite 2
Cordova, TN, 38016
(901) 304-8539 office
(901) 347-8776 fax
x99tooten@gmail.com