IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**LIKISHA CLARK**,

       **Plaintiff,**                                   Docket No.: 2:21-cv-02365

v.

**CITY OF MEMPHIS; MEMPHIS POLICE DEPARTMENT, LT. HANNAH #0200, LT RAY #7744, OFFICER AARON #13594, OFFICER WALKER #13732, COL BURNETT #0666, and UNKNOWN NAMES OF MEMPHIS POLICE OFFICERS TO BE NAMED, IN THEIR INDIVIDUAL CAPACITY AND IN THEIR CAPACITY AS MEMPHIS POLICE DEPARTMENT OFFICERS,**

       **Defendants.**

### ANSWER OF DEFENDANT CITY OF MEMPHIS POLICE DEPARTMENT

Defendant Memphis Police Department, City of Memphis, Tennessee (hereinafter "this Defendant" or "City of Memphis" or "City") by and through its counsel of record submits this Answer to First Amended Complaint filed against it and states to the Court as follows:

**First Defense**

The federal question claims contained in the First Amended Complaint are barred by the applicable one-year statute of limitations and all of the causes of action should, therefore, be dismissed pursuant to Rule 12(b)(6) as the First Amended Complaint fails to state a claim upon which relief can be granted. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); Tenn. Code Ann § 28-3-104(a).

**Second Defense**

With regard to claims made pursuant to 42 U.S.C § 1983 and 42 U.S.C. § 1985, the First Amended Complaint fails to state a claim for which the Court can grant relief against the City

and should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (6). Specifically, the Complaint fails to identify a specific policy or custom adopted or incorporated by the City's policy-makers which deprived Plaintiff of her Constitutional rights. The Complaint further fails to state a claim that the City of Memphis demonstrated deliberate indifference to the Constitutional rights of Plaintiff in its policy-making, supervision or training of its police employees.

### Third Defense

With regard to the state law claims brought under the Tennessee Governmental Tort Liability Act (GTLA), the Complaint fails to state a claim for which the Court can grant relief against the City and should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (6). Specifically, pursuant to Tenn. Code Ann. § 29-20-205, the City of Memphis as a governmental entity is immune from suits where the injury alleged arises out of those alleged by Plaintiff in paragraph 1 of the First Amended Complaint.

### Fourth Defense

In answer to the separately numbered paragraphs of the Complaint, this Defendant answers as follows:

1. Denied.

2. Denied.

3. Upon information and belief, the allegations of paragraph 3 are admitted.

4. Admitted.

5. The allegations regarding named Memphis Police Officers is admitted. The remaining allegations of paragraph 5 are denied as stated.

6. It is admitted the Plaintiff was encountered by Memphis Police Officers in Memphis, Shelby County, Tennessee. The remaining allegations of paragraph 6 are denied as stated.

7. Denied as stated.

8. Denied as stated.

9. Denied as stated.

10. Denied.

11. Denied.

12. Denied.

13. Denied as stated.

14. Denied.

15. This Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 15 and would deny same if its rights are to be affected.

16. Denied as stated.

17. This Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 17 and demands proof thereof.

18. This Defendant is without sufficient information or knowledge to admit or deny the allegations regarding injuries contained in paragraph 18 but would deny same if its rights are to be affected. The remaining allegations of paragraph 18 are denied.

19. Denied.

20. The allegations of paragraph 20 are admitted to the extent consistent with the laws of the State of Tennessee.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied as stated.

28. Denied as to this Defendant.

29. Denied as to this Defendant.

30. Denied as stated.

31. Denied as stated.

32. Denied.

33. Denied as to this Defendant.

34. Denied as to this Defendant.

35. Denied as stated.

36. Denied.

37. Denied.

38. This Defendant is without sufficient information or knowledge to admit or deny the allegations regarding injuries contained in paragraph 38 but would deny same if its rights are to be affected. The remaining allegations of paragraph 38 are denied.

39. Denied.

40. Denied.

41. This Defendant is without sufficient information or knowledge to admit or deny the allegations regarding expenses or fees contained in paragraph 41 but would deny same if its rights are to be affected. The remaining allegations of paragraph 41 are denied.

42. Denied.

43. This Defendant denies Plaintiff is entitled to any relief or award from this Defendant.

44. This Defendant denies Plaintiff is entitled to any relief or award, and specifically punitive damages, from this Defendant.

### Fifth Defense

This Defendant alleges that there has been no constitutional violation of Plaintiff's rights by any action or omission of this Defendant under the United States Constitution or the Tennessee Constitution, and therefore the Plaintiff is not entitled to any relief as alleged in the Complaint.

### Sixth Defense

No action or omission of this Defendant constituted a pattern of unconstitutional acts which would subject it to liability.

### Seventh Defense

No policy or custom of this Defendant deprived Plaintiff of a constitutional right.

### Eighth Defense

This Defendant is immune to all or part of the suit filed by Plaintiff pursuant to the Tennessee Governmental Tort Liability Act codified by Tenn. Code Ann § 29-20-101 *et seq.* and this Defendant claims all of the rights and defenses under the Tennessee GTLA.

### Ninth Defense

This Defendant alleges that the actions or omissions of Plaintiff were the sole cause of any damages claimed and that any claim against this Defendant is barred in whole or in part.

### Tenth Defense

Any claim not heretofore admitted or denied is hereby categorically denied as if set out verbatim and denied.

And now having fully answered the claims against it, the City of Memphis prays that this cause be dismissed with prejudice and that judgment be awarded in favor of the City together

with its costs, attorneys' fees in defending this action, and any other relief to which it may be entitled.

Respectfully Submitted,

**Jennifer A. Sink**
**Chief Legal Officer/City Attorney**

/s/ Dennis P. Hawkins
Dennis P. Hawkins, BPR #022116
Senior Assistant City Attorney
Joseph M. Fletcher, BPR #31660
Assistant City Attorney
125 North Main Street, Room 336
Memphis, Tennessee 38103
(901) 636-6549 - Office
(901) 636-6524 – Facsimile
Dennis.Hawkins@memphistn.gov

## **CERTIFICATE OF SERVICE**

I, Dennis P. Hawkins, hereby certify that on June 24, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon each party registered on the CM/ECF system in this action.

I further certify that there are no non-CM/ECF participants who would require service by mail in this case.

s/Dennis P. Hawkins
Dennis P. Hawkins